1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLIE MINIX,                          1:06-cv-01647-AWI-SMS-PC

12              Plaintiff,                   ORDER DENYING MOTION FOR
                                             RECONSIDERATION
13       v.                                  (Doc. 31.)

14   UNITED STATES OF AMERICA,

15              Defendant.
                                        /
16   _____

17        Charlie Minix ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  On September 18, 2009, plaintiff filed a

19   motion for the court to extend the pending deadlines in this action because his transfer to another

20   facility was delayed due to a diagnosis of the flu.  (Doc. 29.)  On September 23, 2009, the court

21   issued an order denying plaintiff's motion, based on plaintiff's failure to show good cause, and

22   because none of plaintiff's current deadlines was due to immediately expire.  (Doc. 30.)  On

23   October 5, 2009, plaintiff filed a motion for reconsideration of the court's order.  (Doc. 31.)

24        The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

25   1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).

26   Motions for reconsideration are disfavored, however, and are not the place for parties to make

27   new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734,

28   740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-

1    26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has

2    already thought.  Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v.

3    Rezzonico, 324 F.Supp.2d 1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must

4    show more than a disagreement with the Court's decision, and recapitulation of the cases and

5    arguments considered by the court before rendering its original decision fails to carry the moving

6    party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

7    Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin

8    Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.

9    1983) (en banc).  The Local Rules provide that, when filing a motion for reconsideration, a party

10   must show that there are "new or different facts or circumstances claimed to exist which did not

11   exist or were not shown upon such prior motion, or what other grounds exist for the motion."

12   Local Rule 78-230(k)(3).

13          In the motion for reconsideration, plaintiff explains that he has been in transit, did not

14   have access to his legal materials until recently, and was unable to comply with the court's

15   deadlines.  Plaintiff offers as evidence a letter from a Case Manager at USP McCreary where he

16   is currently incarcerated, stating that plaintiff did not have access to his property from July 30,

17   2009 until September 30, 2009.

18          Pursuant to the court's order of July 20, 2009, plaintiff's deadlines are as follows.

19          | New Unenumerated Rule 12(b) Deadline- | 10-15-2009 |
             | New Discovery Cut-Off Date - | 02-15-2010 |
20          | New Deadline to Amend Pleadings - | 04-15-2010 |
             | New Dispositive Motion Deadline - | 06-15-2010 |
21

22   The only deadline that has expired, the deadline for unenumerated Rule 12(b) motions, was a

23   deadline for defendant, not plaintiff, to file a motion.  The next pending deadline, for cut-off of

24   discovery, does not expire until February 15, 2010.  The remaining two deadlines do not expire

25   until April 15, 2010 and June 15, 2010.  Plaintiff's argument that he lacked access to his legal

26   materials between July 30, 2009 and September 30, 2009 is not persuasive, because plaintiff now

27   has the legal materials, and his next deadline does not expire for four months. Plaintiff has not

28   shown any new or different facts or circumstances, or any new grounds for reconsideration of his

1   motion to extend deadlines.  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for

2   reconsideration is DENIED.

3

4   IT IS SO ORDERED.

5   **Dated:    October 14, 2009**                              **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28